UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| GEORGIA HOLMES,<br><br>               Plaintiff,<br><br>vs.<br><br>SILVER STATE SCHOOL CREDIT UNION, et al.,<br><br>               Defendants. | 02:05-CV-0959-LRH (PAL)<br><br>ORDER |

Presently before this court is Defendants', Carol Gibson, Dave Rhamy and Ann Johnson, motion for attorney's fees (#12[1]). Plaintiff, Georgia Homes, has filed on opposition (#14), to which Defendants have replied (#15). Defendants seek their fee award based on 42 U.S.C. §2000e-5(k)[2].

"[A] plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978). Thus, Defendant are entitled to their fees only if (1) they are a prevailing party and (2) the plaintiff's suit falls within the guidelines of *Christiansburg. Id.*; 42 U.S.C. §2000e-5(k). A prevailing party is one who receives "at least some relief on the merits of his claim." *Hewitt v. Helms*, 482 U.S. 755, 760 (1987).

---

[1] References to (#XX) refer to the court's docket.

[2] "In any action or proceeding under this title . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of the costs." 42 U.S.C. § 2000e-5(k).

In the present case, Defendants filed a motion to dismiss (#7) which was met with a notice of non-opposition from Plaintiff (#8). In all practical effect, this non-opposition worked as a voluntary dismissal. The court did not reach the merits of the underlying action and the claims were dismissed without prejudice (#9).

As such, the court cannot say that Defendants were the prevailing parties in the matter. No resolution was reached on the merits, and the claims could be filed anew in a proper court or under a more appropriate theory of liability if one exists. Further, even if the court were to conclude that Defendants were the prevailing party under this set of facts it would not be able to say that Plaintiff's suit was frivolous, unreasonable or groundless as at least some of the claims still persist - although against a more proper defendant. And, the court notes, Plaintiff essentially ended the litigation voluntarily and therefore did not continue to prosecute without grounds.

Accordingly, the court finds that Defendants are not entitled to attorney's fees for the costs associated with preparing and filing their motion to dismiss as they are not considered prevailing parties under the disposition of this matter.

It is hereby ORDERED that Defendants' motion for attorney's fees (#12) is DENIED.

DATED this 6th day of June, 2006.

_____
LARRY R. HICKS
United States District Judge